Maurice Grayton
4670 Arizona Street, Unit 3
San Diego, CA 92116
(619) 688-1165

FILED
2008 AUG 14 AM 8:49
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY KNH DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAYTON, MAURICE<br><br>Plaintiff,<br><br>vs.<br><br>ANNIE WHITE, SHERYLL ZIPARKIN JIM McCREY AND DOE (1) THE DIRECTOR OF THE FANCIAL MANAGEMENT SERVICE, BUERUA OF THE UNITED STATES DEPARTMENT OF TREASURY,<br><br>Defendants,. | Case No.: '08 CV 1478 W AJB<br><br>**COMPLAINT FOR DAMAGES (GENERAL), BREACH OF "QUASI" CONTRACT-(MISAPPROPRIATION OF SECRET-PROPERTY OWENERSHIP) AND REQUEST FOR A JURY TRAIL UNDER 35 U.S.C.261, DEBT IN A REASONABLE AMOUNT TO BE DETERMINED.** |

TO THE CLERK OF THE COURT:

TO THE HONORABLE DISTRICT COURT JUDGE:

TO THE DEFENDANT(S) AND THEIR ATTORNEY OF RECORD:

The Plaintiff alleges:

1. The Plaintiff is and at all times a U.S. citizen residing in the County of San Diego, California.

2. The Defendant(s) is and at all times are U.S. citizens conducting government business in the United States of America.

3. The Court has jurisdiction over the subject matter because this is a civil action concerning property between a citizen and the United States government:

a. Plaintiff and the Defendant (s) herein referred to collectively as Social Security Administration (SSA), and the Financial Management Service(USDOT_FMS):

b. The First Defendant ANNIE WHITE is or was, and at all times herein mention the Associate Commissioner of Public Inquires for the SSA located in Baltimore, Maryland who is now replaced by SHERYLL ZIPARKIN.

c. The Second Defendant JIM McCRERY is, and at all time herein mention is a Congressional Representative, and at all times herein mentioned to the First Defendant (s),is or was the "liaison" of the planned policy, e.g. "holder" his role was to implementer the policy for further approval. He operates as the Chairman, Subcommittee on Social Security, House Committee on Ways and Means, House of Representatives located in Washington, D.C. 20515

d. The Third Defendant , the United States Department of Treasury, Bureau of Financial Management Service(USDOT-

BFMS)while operating from the Liberty Center Building, 401 14th Street, Southwest, Washington, DC 20227.[1]

**I.**

**JURISDICTION:**

Under 28 U.S.C.S. § 1338(a), federal district courts have exclusive jurisdiction over cases arising under the patent laws. The United States Supreme Court has held that, under § 1338(a), there are two classes of actions arising under federal patent law: those in which the federal law creates the cause of action, and those in which the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law and when ownership rights in patentable subject matter are at "stake" by Plaintiffs claiming such subject matter as their own.

***The purpose of this complaint is to shed light on the court and a jury understands of how the Defendant(s) abused its discretion by "stealing" the Plaintiff's idealism, social concepts and has taken "full acclaim" for the works in violation***

---

[1] The agency acts as the U.S. government's money manager, provides centralized payment, collection, reporting services for the government and oversees the daily cash flow of nearly $60 billion into and out of federal accounts including: Disburses more than $1.6 trillion to more than 100 million individuals via social security and veterans' benefits, income tax refunds and other federal payments; Collects more than $3.11 trillion per year in payments to the government through 10,000 financial institutions, with more than $2.45 trillion collected electronically; Provides cash management guidance to federal program agencies; Serves as the government's central debt collection agency, managing the government's delinquent debt portfolio; and Collects more than $3.7 billion per year in delinquent debts owed to the federal government.

***of federal law. The scope of this complaint provides a standing, which challenges them.***

Here, the term "**by operation of law**" signifies the application of a body of legal principals to aspects of relationship as to which the parties have not expressly contracted. Where they have so contracted, the district court can effectuate, to the extent consonant with public policy, the contractual intention in a written or verbal agreement; courts are called upon to assess subsequent use and disclosure of the trade secret by a disclosure. These principles may have applicability to situations in which the parties have expressly contracted, where the contract is seen by the tried of fact not to reach all of the "**corners**" of the parties relationship.[2] Moreover, in litigation, the courts must not overlook authority that discern that breach of contract of an express agreement may also be seen as an independent tort under some set of statutory principles, such as the Uniform Trade Secret Act.[3]

**A. Implied Quasi-Contractual-Agreement (QCA) Existed Between GRAYTON and SSA**

The proposal and communication, at hand, implies that the Defendant accepted the Plaintiff design, development, and construction of a Debit Credit Card. The court should be able to

---

[2] Haglund v. Dow Chem. Co., 25 Fed. R. Serv. 2d 107, 218 U.S.P.Q. 55(E.D.. Cal.(1982) (applying California Law)

[3] McCombs v McClelland, 233 Ore. 475, 354 P.2d 311, 315 (1960), Kewanee Oil Co. V. Bircon Corp, 416 U.S. 470, 94 S. Ct. 1879, 1883, 40 L.Ed. 2d 315, 181 U.S.P.Q. 673 (1974).

find that in cases, which afford protection to a trade secret by implicated contract, which, typically, but not invariably, arise in the employer-employee context, proceed from one of two starting points when dealing with the respective rights of the employer and employer. (1) the owner of the trade secret has no exclusive right in the trade secret against the world, but equity will protect his **property rights** in the secret by recognition of an implied contract which requires that the Defendant (most commonly, an employee who knows of such secret as a consequence of his employment) not use or disclose the secret to the owner's (most commonly, a current or former employer) detriment. More frequently, courts do not address a property right or other foundational premise, but instead simply discern that a party standing in a cognizable relationship to a trade secret owner, typically an employee, is by virtue of an implied contract, prohibited from using or disclosing his employer's trade secret to the latter's detriment.[4] Such relief may be available independent of an express agreement between the parties under which express agreement the trade secret owner might be entitled to parallel or similar relief.[5] Where, however,

---

[4] Plant Indus. Inc. v. Coleman, 287 F. Supp, 636, 159 U.S.P.Q. 651, 665-657 (C.D. Cal) 1968; By Buk Co. v Printed Cellophane Tape Co., 118 U.S.P.Q. 550, 163 Cal. App. 2d 157, 329 P.2d 147 (2d Dist. 1958).

[5] Holland Dev. Ltd v Manufactures Consultants, Inc. 81 Or. App. 57, 724 P.2d 844 (1986) (defendant-manufacturer of equipment enjoined from making improved version where the improvements came from plaintiffs former employee, notwithstanding the fact that employee had no written agreement not to use or disclose his employers trade secrets). Boeing Co. v. Sierracin Corp, 108 Wn. 2d 38, 738 P .2d 665, 4 U.S.P.Q. 2d 1417, 1987-1 CCH Trade Cas. 67,572 (1987) (under UTSA, defendants-subcontractors unauthorized use of plaintiffs drawings was cognizable as both contractual and tort

contractual protection is readily available and the trade secret owner neglects to avail itself of that protection, the consequences may be forfeiture of the alleged trade secret. And of course, if the matter which protection is sought would not have supported protection by express contract, a *fortiori* it cannot be protected by implied contract.

**B. Patents and Non Registered Patent Application In Issue:**

When this court considers the constitutional consequences of denying a trail to those whose property rights are subject to an administrative process that may lead to deprivation of that property, the particular circumstances of the case may control not only entitlement, but when during the process the hearing is held. *See, e.g.,* Goldberg v. Kelly, 397 U.S. 254, 25 L. Ed. 2d 287, 90 S. Ct. 1011 (1970), which held that provision of only a post-termination hearing to welfare recipients violated procedural due process, in furtherance of the nation's social policy and in recognition of the drastic consequences of an erroneous termination of welfare payments. *See also* *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985).

**C. Private Ownership:**

When this court considers the ownership of this proposal in terms of it become patented, which gives the original owner the

---

wrong); Airborne Data, Inc. v Unites States, 217 U.S.P.Q. 287 (Fed.Cir. 1983), aff'g 216 U.S.P.Q. 887-895 (Ct. Cl. Tr. Div. 1982) (an encouraged submission of new ideas in confidence creates an implied duty not to use or disclose them without compensation).

rights to exclude others from making, using, offering for sale, selling, or importing into the United States the invention claimed it should consider 35 U.S.C. 154 (a)(1) as a guideline that state "even" ownership of a patentable item does not furnish the "owner" with the right to make, use, offer for sale, sell, or import the claimed invention because there may be other legal considerations that may preclude it from doing so such as, (e.g., the existence of another patent "owner" with a dominant patent, failure to obtain certain approval of a invention, an injunction by a court against making the product of the invention, or a national security related issue). In light of the real owner of a proposal that can be transformed into a patent (or the application for the patent) initially are vests in the named of the inventor(s) of the invention.[6]

5. On April 10, 2006, the Plaintiff, MAURICE GRAYTON, a former employee of SSA, submitted his proposal to the Defendants, Office of Public Inquiries designating it as the "Safe keeper" who has breached its QCA by encouraging the submission of a new idea in confidence creating an implication of duty without compensation.[7]

---

[6] Beech Aircraft Corp v. EDO Corp., 990 F.2d 1237, 1248, 26 USPQ2d 1572. 1582 (Fed. Cir. 1993). The patent (or patent application) is then assignable by an instrument in writing and the assignment of the patent, or patent application, transfers to the assignee(s) an alienable (transferable) ownership interest in the paten or application 35 U.S.C. 261.

[7] The Plaintiff proposal described how SSI recipients didn't have modern access to the Global Economy and implementing a "Pilot Program" the government could benefit from it, while giving recipients point of sale access, in means of a Debit Card could assist in eliminating their dependency of the government and stimulate the economy.

6. On June 02, 2006 the Defendant's, SSA's, Office of Public Inquired responded by indicating that it would "bring" the proposal to the attention of the officials who oversee the SSI program for consideration and later by encouraging the submission of a new ideas in confidence creating an implication of duty without compensation.

When considering the constitutional consequences of denying a hearing to those whose property rights are subject to an administrative process that may lead to deprivation of that property, the particular circumstances of the case may control not only entitlement to a hearing, but when during the process the hearing is held

7. On June 10, 2006 the Plaintiff submitted a copy of "his" proposal for review, consideration and implementation to the Defendant that has led to a better quality of life for its Supplemental Security Income recipients

## II.
## PROCEDURAL POSTUTE AND OVERVIEW:

The Plaintiff inventor/owner is applying for a jury trail after the court's has reviewed the complaint to determine its legal basis in favor of the Plaintiff in order to find whether the Defendant(s) acts violated his constitutional, statutory rights in essence of federal regulations and laws related to any statute that governs his request. In turn, when an applicant files an action in a court challenging the

constitutional and statutory validity of certain government acts regarding a governing proposal, examination must be upheld to determine what regulation or "**operation of law**" that a movant seek for review, which may shed light that opponents have no standing to the challenges that they face. In this case, 37 C.F.R. §§ 1.26(c) and 1.530(a) are applicable and any "rule of doubt" of original "ownership" can be overcame by a court examination.

8. The Plaintiff and the First Defendant(s) an employee or his former employment entered into a Quasi Contractual Agreement (QCA), which the inventor retained all rights to his inventions. The inventor is now seeking an order requiring Defendant to reward and recognize all ownership rights that describes the inventor's inventions, and he seeks declaration that he was the sole owner.

9. Plaintiff plans to argued that 35 U.S.C.S. § 256 creates district court authority to determine inventorship and 35 U.S.C.S. § 116, which governed inventorship disputes and if applicable government patent applications, which can grant such authority to district courts. This case may be "ripe" because the Defendants should have a "patent" issued and there are case or controversy under 35 U.S.C.S. § 261, which governed the assignment of rights appurtenant to any application.

10. The First Defendant(s) has breached the QCA by reneging on the promises to the Plaintiff that his expenditures of the proposal constituted a financial "stake", either reward or recognition as an investment into the future policy, plan or procedures of the SSA.

11. The executor QCA between the Plaintiff Grayton and Defendant(s) White and Ziparkin was predicated on a written agreement that required Plaintiff to release his proposal to Defendant in order to "bring to the attention of the officials that oversee the SSI program" and under the impression that it was to be keep as a "trade secret", valued property of personal and financial interest.

12. The Plaintiff's idea increased SSA's, SSI program value by expending his idea or concept as a means by suggesting a permanent change or social accessions thereto under the belief that he was participating in a lawful QCA that gave him ownership in fee simple.

13. The Plaintiff discussed with all Defendant(s) that the property construction and informed them of it had and received by the First Defendant and the precedent conditions to the existing contractual agreement.

14. The First Defendant(s) ANNIE WHITE's successor SHERYLL ZIPARKIN upon indication by writing bridged SSA's acceptance of

the proposal and recognized Grayton as the owner of the property.

15. The effect of the proposal had and received by the First Defendant given to the Second and Third Defendant(s) in the **"operation of law"**, as a "pilot program" points of their role in assist in establishing credit, create revenue for million's of worse off American people.

16. All Defendant(s) knew or should have known that any misrepresentation of the proposal had and received does not give away the Plaintiff's right of ownership.

17. The Defendant(s), SSA and the USDOT-BFMS has violated 35 U.S.C. §§ 301-307, by not considering to apply retroactivity in the form of an reward or recognition by blatantly disregards to the Plaintiff Amendment, Seventh, and Article III of the Constitution rights. 35 U.S.C. § 282 which applies to consideration.[8]

18. The Plaintiff and Defendant(s) had formed a QCA based on a mutual understanding that the proposal tendered and expended for future program improvement created equitable interests that guaranteed rewards or recognition of the proposal used for the social welfare.

---

[8] The district court, in the past has grant petition to the extent that they correlates to legal challenges to certain other rules and regulations, *viz.* 37 C.F.R. §§ 1.26(c) and 1.530(a) and other organizational provision, while upholding those provisions, 585 F. Supp. 713, which often vacate premises that claim a lack of a good standing to challenge them, by reinstatement with respect to judgments that affirm in parts and reverse in other parts.

19. The Plaintiff conduct to bring forth value to the Defendants organization mission and vision statement by implementing the proposal.

20. The QCA between Plaintiff and Defendant(s) is predicated on rewards and recognition consideration for acceptance in validating the contract.

21. The Plaintiff's conducted research and development in improving efficiency for the Defendants organization, the giving of an idea or concept to the Defendant(s) evinces an equitable claim, which relief can be granted.

22. On several occasion, Defendants refused or neglected to communicate with the Plaintiff, imposing unprecedented conditions upon his property interest.

The district court should be able to find a legal basis that shed more light on the notion of due process safeguards that have been long applied to the procedures of administrative agencies, a specialized jurisprudence, which has developed under the ambit of the Fifth Amendment.[9]

[9] Where an initial agency action affects property or personal rights, has been considered by courts in many contexts and has led to the formulation of _a general test for due process in administrative procedures, summarized in *Mathews v. Eldridge*, 424 U.S. 319, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976), as requiring evaluation of three factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

25. The Plaintiff's right of action in this civil action for equality is not based upon a written agreement, but upon a implied promise of the principal transactor-Defendant Annie White-that she had in fact "brought to the attention of the official that oversee the SSI program".The proposal for what she thought "added value" to SSA's image. This implied promise, the law raises up from principles of natural justice and it comes from the Civil Procedure Code section 1621, which defines an implied contract as one manifested by conduct.

26. Plaintiff should be awarded the amount expended for his property and improving the Defendants programs, and this equitable claim may be computed and paid our of the return on their investment for the time of the Plaintiff life cycle or as the court deem proper.

**III.**
**CAUSE OF ACTION**
(Trademark)

27. The Defendant(s) deceitful infringement violates section 32 of the Lanham Act, 15 U.S.C. § 1114; because they falsely designates themselves as the inventor of the pilot program in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); Trademark dilution in violation of section 43(c) of the Lanham Act, 15 U.S.C. §1125(c); Violation of state trademark infringement statutes; Common law trademark infringement; Violation of state unfair competition and

deceptive practices statutes; Common law unfair competition; and Common law or state statutory violations of the right of publicity.

**IV.**

**ALLEGATION OF STOLEN IDEA AND/OR CONCEPT RECEIVED**

(Misappropriation in Trade Secret-(Statutory)

28. The Plaintiff realleges and incorporates by reference act and every paragraph as though fully set forth.

29. On April 02, 2006, in the United States of America, Defendant(s) became indebt to Plaintiff for a sum to be determined, which will continue to incur for the idea or concept lent by Plaintiff to Defendant. Neither the whole nor any part of the precalculation sum has been figured out, although a reward or recognition has been demanded, generating a balance due in full, owing, and unpaid to Plaintiff an amount to be determined together with interest and the costs associated with the organization improvement and efficiency form and after June 2008. The Defendant(s) inappropriately used his trade secret for social and economic gain.

30. The Plaintiff is informed and believes and thereon alleges that (A)t all times herein mentioned, each of the Defendants was the agent of the remaining Defendants, and in doing the things hereinafter alleged, should be restrained by order of a preliminary injunctive order from this court from

further transacting and advertising and implementing his idea with out proper relief.

## V.

## ALLEGEATION OF FRAUD AND DECIET

31. The Plaintiff realleges, incorporates by reference each and every paragraph as though fully set forth and seeks relief under 35 U.S.C Section 256, requesting that the court order the Defendant(s), the SSA and the Bureau of Treasury, Department of Financial Management Services to issue a certificate naming GRAYTON as the sole inventor or at least as a co-inventor of the subject matter.

32. On June 10, 2006, in the United States of America, Defendant White represented to the Plaintiff that his proposal would be brought to the attention of those officials that oversee the SSA program made Plaintiff a co-owner to the implication if the idea. These representations were false and Defendants knew or should have known the falsity of these statements at the time they were made.

32. The Plaintiff is informed and believes and alleges that the Defendant(s), had no intention to make him an owner of the property and through his suggesting an method were their programs could be enhanced they would not repay the Plaintiff upon implementation with an award or some type of recognition.

33. The Plaintiff relied on the representation of Defendant(s) and would not have submitted his proposal for program improvements otherwise. (See Exhibits)

34. The Plaintiff alleges that Defendant(s) recklessly misrepresented the facts by the implied promise that assured Plaintiff that his name does not have to be written on the property title to claim ownership rights.

35. The Plaintiff alleges that Defendant(s) rescission of the contract does not extinguish his equitable interest in the property to his detriment.

36. The Plaintiff alleges that the proximate cause of damages arising from fraud is based on Defendant(s) willful and malicious conduct to deceive Plaintiff. The Defendant(s) were dishonest and the promises made concealed the ulterior plans to cheat and dupe Grayton through and by direct falsehood, omissions of truth pertaining to ownership, or a combination thereof.

**VI.**

**Standard of Review**

In reviewing procedural issues that are not unique to patent law, this court should be able to apply the law in a manner consistent with Business and Profession Codes that other court normally rely upon, for a res judicat purpose, a "contract" is generally considered to be a 'transaction,' so that when a claims of contractual breach is brought in an

original action, that would be subject to a bar of claim preclusion, a flexible reviewer would have no difficulty in adopting any defining features of this complaint.

**VII.**

**The <u>Constitutional and Laws</u> such as, the <u>Bill of Rights</u>, <u>Fundamental Rights</u> in regards to <u>Procedural Due Process</u> provides a <u>Scope of Protection</u> for this claim.**

Withstanding the idea that no administrative convenience or even necessity can override the constitutional requirements of due process. Consideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest of ownership that has been affected by governmental action. The general test for due process in administrative procedures requires evaluation of three factors: First, the private interest such as, ownership that will be affected by the official action; second, the risk of an **erroneous deprivation** of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the **Government's Interest**, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

37. The Defendant(s)"Deceitful" conduct has misappropriated the Plaintiff's rights during the transaction. In turn, this court should consider ordering the Defendant(s) to refrain further "Deceit" and prohibit misconduct in doing, commencing, or continuing, e.g. discounting the Plaintiff from his trade secrets and/or idea.

**VIII.**

**MISAPPROPRIATION OF MARK (MISUES):**

Although purely speculative at this point, some legal scholars have suggested that policy writers should not lose their rights if they are not engage in abusive tactics that violate the boundaries of fair competition. Such a doctrine has been applied in the area of patents and copyrights, and is proposed by some in the trademark area. Specifically, it has been suggested that even is a trademark registrant who submits their registration to Internic in order to implement Internic's domain name dispute policy has misused their trademark registration and should have the registration canceled, if there exists no plausible argument for trademark infringement.

**VIIII.**

**THIS MATTER HAS COME BEFORE THE COURT IN A MANNER CONSISTENT WITH FEDERAL POLICY. PLANS, AND IS PROCEDURALLY RIPE.**

The district court must consider whether the Defendant possess a patent as of date; and/or if an application is pending. This raises a ripeness question. A PRC application serves, like a provisional application, as an inexpensive placeholder for application to be file with the PTO in the future. The court may rule sua sponte on ripeness at any point.[10]

In order to establish a justiciable claim for declaratory relief, this claim establishes an actual "controversy," in the constitutional sense. 28 U.S.C. § 2201(a); *Spectronics Corp. v. H.B. Fuller Co.,* 940 F.2d 631, 633-34 (Fed. Cir. 1991). A "controversy" in this sense must be one that is appropriate for judicial determination .... "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character." *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 240-41, 81 L. Ed. 617, 57 S. Ct. 461 (1937).Here, Plaintiff seeks a declaration that he owns all patent rights to technology for which no patents have issued, not merely that he is the *sole inventor* of Smart Card technology. Thus, any case or controversy that Plaintiff might establish would have to arise under § 261,

---

[10] Schwob v. Standard Insurance Co., 37 Fed.Appx. 465, 470 (10th Cir. 2002).

which governs the assignment of rights appurtenant to patent applications. *See* 35 U.S.C. § 261. The scope of rights conveyed in the assignment of patent rights before the granting of the patent "is much less certainly defined than that of a granted patent." *Westinghouse Electric v. Formica Insulation,* 266 U.S. 342, 352-53, 69 L. Ed. 316, 45 S. Ct. 117, 1925 Dec. Comm'r Pat. 410 (1924); *see also Sarkes Tarzian, Inc. v. United States,* 159 F. Supp. 253, 256 (D. Ind. 1958) (patent application, although form of property, is only inchoate patent right, maturing into depreciable patent asset only when the patent issues). The Court should be able to find, that Grayton is citing, statutes and cases governing the ownership of patent applications which correctly identify the inventor of underlying technology. As a consequence, to the extent Plaintiff is asking the court to announce his ownership rights in whatever patents may issue based on his alleged invention of a particular technology, in light of ripeness. Declaratory relief under these circumstances is appropriate.("Here the Defendants patent applications should be current and thus, a cause of action arising under [§ 256] is mature.")The fact that the patent application may become patents is of held to the Defendants. Justiciablity muse be judge as of the time of filing, not as of some indeterminate future date when the court might reach the merits and the patent has issued. GAF Bldg. Materials Corp., 90 F.3d at 482; see also Spectronics Corps. V. H.B. Fuller Co; 940 F. 2d 631, 635 (Fed. Cir. 1991).

38. The Defendant(a) collectively was privy to the property and the written statements made implies acceptance of the proposal has lead the Plaintiff to believe that his claim for ownership was valid, and allowed Plaintiff to continue to be a victim of fraud and deceit and now reneges on its promise and liability attaches to the conduct thereto for reward or recognition or a combination of.

39. On June 2, 2007 Defendant(s) collectively announced the implementation of the "pilot program", and continue to renege on the Plaintiff's physiological needs, which has cause great and irreparable damage, emotional distress, while they gain social and economic returns on his investment and other loses before this action can be brought to trail.

**Prayer for Relief**

Monetary relief for reasonable royalties, recognition, for "stealing" the Plaintiff's idea and labor performed in the process in a amount to be determined by the court

On the All COUNT (s):

For general damages in a amount to be determined by the court:

As a proximate result of the Defendant(s) misappropriation of Plaintiffs trade secret e.g. use by the Defendants of Plaintiff Debit Card idea. Plaintiff has suffered actual damage in a sum to be determined by the court. [As further proximate

result of the misappropriation, Defendant(s) was unjustly enriched by obtaining such idea.]

40. The Plaintiff's request for costs and fees based on the contention that Defendants have advanced baseless claims in support of two separate removals of the case and that the resource disparity between the parties counsels against requiring Grayton to bear the costs of proceedings to this Court. Pursuant to 28 U.S.C. § 1447(c), an any order in a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of litigation. A district court has broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c).

[11] The court should be able to cognizant the disparity in litigation resources between the parties, and should be able to find that the Defendants here had no reasonable basis under the law.

Throughout this pleading, I have brought to the courts attention the purpose and scope of this complaint, the request for a jury trail, how the Defendant abused its discretion by "**Stealing**" the Plaintiff's idealism and social concepts, while breaching its QCA, while taking full credit for the works in violation of federal law. In turn, setting forth the notion of

---

[11] *See Mints v. Educational Testing Servs.*, 99 F.3d 1253, 1260 n.6 (3d Cir. 1996).

Procedural Posture, Overview, a Standard of Review, the Ripeness of this case, and a Theory of Misuse.

**Declaration of Perjury**

I, MAURICE GRAYTON do swear under the penalty of perjury that the aforementioned statement is true and correct given of this 13TH Day of August 2008

08/13/2008
Dated

Signature
Maurice Grayton

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** GRAYTON, MAURICE

**DEFENDANTS** THE SOCIAL SECURITY ADMINISTRATION CONGRESSMAN JIM McCRERY, AND THE DIRECTOR OF THE FINANCIAL MANAGEMENT SERVICE FOR THE US DEPT OF

(b) County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

2008 AUG 14 AM 8:49
CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY KNH DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
Maurice Grayton
4670 Arizona St. Unit #3 San Diego, CA 92116

Attorneys (If Known)

'08 CV 1478 W AJB

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☒ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 35 USC 261
Brief description of cause: Property Right Issue

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $
CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 08/14/2008 SIGNATURE OF ATTORNEY OF RECORD Maurice Grayton

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

CR

Maurice Grayton
4670 Arizona Street, Unit #3
San Diego, CA 92116
(619) 688-1165

FILED
2008 AUG 14 AM 8:52
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

In the United Federal District Court

Southern District

GRAYTON, MAURICE )
Plaintiff, ) Case No. '08 CV 1478 W AJB
vs. )
ANNIE WHITE, SHERYLL ZIPARKIN )
JIM McCREY AND DOE (1) THE )
DIRECTOR OF THE FANCIAL )
MANAGEMENT SERVICE, BUERUA OF )
THE UNITED FEDERAL S DEPARTMENT )
OF TREASURY, )
Defendants,. )

**MEMORANDUM OF POINTS AND AUTHORITIES.**

TO THE CLERK OF THE COURT:

TO THE HONORABLE DISTRICT COURT JUDGE:

TO THE DEFENDANT(S) AND THEIR ATTORNEY OF RECORD:

Plaintiff is seeking relief from this court to enforce the provisions of the United States Code and the Federal Law governing "Quasi Contractual Agreements" between the Federal Government and Citizens, while shedding light on the courts understanding that the Defendants are not as forthcoming as they suppose to be in regards to new policy implementation, which is pointed out throughout the complaint. This memorandum of Points and Authorities lays out the essence that the Plaintiff contends that this matter is ready for a jury trail and eliminates the

Defendant(s) opportunity to continue to be able to hide within their perspective structures restricting the Plaintiff's communication capabilities.

**Argument**

**I.**

**THIS COURTS ACTION WILL SATISFY THE MAIN PRONG OF ANY REQUIREMENT, IN REGARDS TO THE RESPONDENTS ADMINISTRATIVE PROCESS BECAUSE THEY HAVE FAILED TO RESPONDED TO THE PLAINTIFFS DEMAND LETTER**

The Federal Rules are designed to function as a means to the proper presentation of a lawsuit. Meanwhile, 28 U.S.C.S. § 1338(a), sets forth the federal district courts exclusive jurisdiction over cases arising under the patent laws. The Supreme Court has held that, under § 1338(a), there are two classes of actions arising under federal patent law: those in which the federal law creates the cause of action, and those in which the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law and when ownership rights in patentable subject matter are at "stake" by Plaintiffs claiming such subject matter as their own. In this case, the Plaintiff's contends that his right to relief is necessarily because the final outcome heavily depends on a resolution of a substantial question that only this court can answer under federal law. In contrast to the ownership rights of a patentable subject matter at "stake" because all alone the Plaintiff has claimed that the subject matter is his own invention and/or idea.

Plaintiff plans to argued that 35 U.S.C.S. § 256 creates district court authority to determine inventorship and 35 U.S.C.S. § 116, which governed inventorship disputes and if applicable government patent applications, which can grant such authority to district courts. This case may be "ripe" because the Defendants should have a "patent" issued and there are case or controversy under 35 U.S.C.S. § 261, which governed the assignment of rights appurtenant to any application.

By considers the constitutional consequences of denying a jury trail to those whose property rights are subject to an administrative process that may lead to deprivation of that property, the particular circumstances of the case may control not only entitlement, but when during the process the hearing is held. *See, e.g.*, *Goldberg v. Kelly*, 397 U.S. 254, 25 L. Ed. 2d 287, 90 S. Ct. 1011 (1970), which held that provision of only a post-termination hearing to welfare recipients violated procedural due process, in furtherance of the nation's social policy and in recognition of the drastic consequences of an erroneous termination of welfare payments. *See also* *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985). In turn, when an applicant files an action in a court challenging the constitutional and statutory validity of certain government acts regarding a governing proposal, examination must be upheld to determine what regulation or "**operation of law**" that a movant seek for review, which may shed light that opponents have no standing to the challenges that they face. In contrast, this case defining features are explained by 37 C.F.R. §§ 1.26(c) and 1.530(a)

because now there is a "rule of doubt" of original "ownership" which can be overcame by a court examination.
In turn, the Defendant(s), SSA and the USDOT-BFMS has violated 35 U.S.C. §§ 301-307, by not considering to apply retroactivity in the form of an reward or recognition by blatantly disregards to the Plaintiff Amendment, Seventh, and Article III of the Constitution rights. 35 U.S.C. § 282, which applies to consideration.[1]

The district court should be able to find a legal basis that shed more light on the notion of due process safeguards that have been long applied to the procedures of administrative agencies, a specialized jurisprudence, which has developed under the ambit of the Fifth Amendment.[2] Because of the Defendant(s) deceitful infringement that violates section 32 of the Lanham Act, 15 U.S.C. § 1114; they falsely designates themselves as the inventor of the pilot program in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); Trademark dilution in violation of section 43(c) of the Lanham Act, 15 U.S.C.

---

[1] The district court, in the past has grant petition to the extent that they correlates to legal challenges to certain other rules and regulations, *viz.* 37 C.F.R. §§ 1.26(c) and 1.530(a) and other organizational provision, while upholding those provisions, 585 F. Supp. 713, which often vacate premises that claim a lack of a good standing to challenge them, by reinstatement with respect to judgments that affirm in parts and reverse in other parts.

[2] Where an initial agency action affects property or personal rights, has been considered by courts in many contexts and has led to the formulation of _a general test for due process in administrative procedures, summarized in *Mathews v. Eldridge*, 424 U.S. 319, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976), as requiring evaluation of three factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

§1125(c); Violation of Federal trademark infringement statutes; Common law trademark infringement; Violation of Federal unfair competition and deceptive practices statutes; Common law unfair competition; and Common law or Federal statutory violations of the right of publicity. On April 02, 2006, they became indebt to Plaintiff for a sum to be determined, which will continue to incur for the idea or concept lent by Plaintiff to Defendant. Neither the whole nor any part of the calculation sum has been figured out, although a reward or recognition has been demanded, generating a balance due in full, owing, and unpaid to Plaintiff an amount to be determined together with interest and the costs associated with the organization improvement and efficiency form and after June 2008. The Defendant(s) inappropriately used his trade secret for social and economic gain. The proximate cause of damages arising from fraud is based on Defendant(s) willful and malicious conduct to deceive Plaintiff. The Defendant(s) were dishonest and the promises made concealed the ulterior plans to cheat and dupe Grayton through and by direct falsehood, omissions of truth pertaining to ownership, or a combination thereof. The level of the Defendant(s)"Deceitful" conduct has misappropriated the Plaintiff's rights during the transaction. This court should consider ordering the Defendant(s) to refrain further "Deceit" and prohibit misconduct in doing, commencing, or continuing, e.g. discounting the Plaintiff from his trade secrets and/or idea.

**Argument**

## II.

## SINCE THE DEFENDANTS HAS CHOSEN NOT TO RESPOND TO THE PLAINTIFFS DEMAND LETTERS THIS MATTER COME BEFORE THE COURT AS PROCEDURALLY RIPE.

Once this court has established the Plaintiffs contingents are accurate and true it may rule sua sponte on ripeness at any point.[3] In turn, in order to establish a justiciable claim for declaratory relief, this claim has established an actual "controversy," in the constitutional sense. 28 U.S.C. § 2201(a); *Spectronics Corp. v. H.B. Fuller Co.,* 940 F.2d 631, 633-34 (Fed. Cir. 1991). Because in a sense it is definite and concrete, touching the legal relations of parties having adverse legal interests, it is real and substantial controversy admitting of specific relief through a decree of conclusive characteristics. *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 240-41, 81 L. Ed. 617, 57 S. Ct. 461 (1937).Here, Plaintiff seeks a declaration that he owns all patent rights to technology for which no patents have issued, not merely that he is the *sole inventor* of Smart Card technology. Thus, any case or controversy that Plaintiff might establish would have to arise under § 261, which governs the assignment of rights appurtenant to patent applications. *See* 35 U.S.C. § 261. In turn, this Court should be able to find, that Grayton is citing, statutes and cases governing the ownership of patent applications which correctly identify the inventor of underlying technology. As a consequence, to the extent Plaintiff is asking the court to

---

[3] Schwob v. Standard Insurance Co., 37 Fed.Appx. 465, 470 (10th Cir. 2002).

announce his ownership rights in whatever patents may issue based on his alleged invention of a particular technology, in light of ripeness. Declaratory relief under these circumstances is appropriate.(Here the Defendants patent applications should be current and thus, a cause of action arising under [§ 256] to be considered as mature.)The fact that the patent application may become patents is of held to the Defendants. Justiciablity must be judge as of the time of filing, not as of some indeterminate future date when the court might reach the merits and the patent has issued. GAF Bldg. Materials Corp., 90 F.3d at 482; see also Spectronics Corps. V. H.B. Fuller Co; 940 F. 2d 631, 635 (Fed. Cir. 1991).

**Declaration of Perjury**

I, MAURICE GRAYTON do swear under the penalty of perjury that the aforementioned statement is true and correct given of this 13 Day of August 2008.

08/13/2008
Dated

Signature
Maurice Grayton