**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAURICE GRAYTON, Plaintiff, vs. ANNIE WHITE et al., Defendants. | CASE NO. 08-CV-1478 W (AJB) **ORDER (1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2); (2) DENYING MOTION TO APPOINT COUNSEL (Doc. No. 3)** |

On August 14, 2008 Plaintiff Maurice Grayton ("Plaintiff"), proceeding *pro se*, filed a complaint against Defendants Annie White et al. alleging some sort of breach of contract or patent violation. (Doc. No. 1.) The same day, Plaintiff moved for leave to proceed *in forma pauperis* (IFP) and requested appointment of counsel. (Doc. Nos. 2, 3.) The Court takes the matters under submission and without oral argument. See S.D. Cal. Civ. R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Plaintiff's IFP request and **DENIES** Plaintiff's motion for appointment of counsel. (Doc. Nos. 2, 3.)

///

///

///

///

**I. PLAINTIFF MAY PROCEED IN FORMA PAUPERIS**

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), rev'd on other grounds, 506 U.S. 194 (1993) ("[28 U.S.C. §] 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948); see also Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995) ("[T]he filing fee, while discretionary, should not take the prisoner's last dollar." [citations]). Rather, to satisfy the requirements of 28 U.S.C. § 1915(a), an affidavit need only state that one cannot "because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins, 335 U.S., at 339. At the same time, however, the court must "assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984).

Here, Plaintiff is currently unemployed, has not worked in over six years, has practically no savings, and lists a forty year-old Camaro as his only significant asset. Although Plaintiff receives $1064 per month in Social Security, he lists debts totaling $55,000. Given that Plaintiff's current monthly obligations in all likelihood outpace his monthly income, the Court finds that forcing Plaintiff to pay the filing fee would deprive him of the necessities of life. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP. However, if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. **This includes any recovery Plaintiff may realize from this suit or others, and any assistance Plaintiff may receive from family or government.**

///

///

## II. PLAINTIFF IS NOT ENTITLED TO APPOINTMENT OF COUNSEL

There is no constitutional right to appointed counsel in employment-discrimination cases. See Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 269 (9th Cir. 1982). District courts have discretion, however, to appoint counsel "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1)(B); Brown v. Cont'l Can Co., 765 F.2d 810, 814 (9th Cir. 1985). In exercising that discretion, the court must consider three factors: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." Bradshaw v. Zoological Soc'y, 662 F.2d 1301, 1318 (9th Cir. 1981).

As a threshold issue, Plaintiff is not entitled to counsel under 42 U.S.C. § 2000e-5(f)(1) because this does not appear to be an employment discrimination or civil rights case. Even if it was, however, Plaintiff's financial resources, or lack thereof, are such as to satisfy the first factor. However, Plaintiff has not demonstrated that he has diligently pursued efforts to secure counsel. Plaintiff alleges that he spoke with a single attorney, just once, who is currently waiting for Plaintiff to send him more information. (*Pl.'s Mot.* 3.) Plaintiff appears to have made no efforts to secure counsel through additional channels. (*Id.* 4.)

Moreover, Plaintiff does not demonstrate that his claims are likely to succeed on the merits. His complaint, while vague and confusing, levies a variety of spectacular and unbelievable charges against several government agencies, supposedly acting in concert to deprive Plaintiff of the benefit of some idea or concept. Such vague, unsupported, and conclusory allegations do not convince the Court that Plaintiff has a meritorious claim for relief. Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's request to proceed IFP and **DENIES** Plaintiff's motion for appointment of counsel. (Doc. Nos. 2,3.) If at any time in the future it appears that Plaintiff no longer qualifies under 28 U.S.C. § 1915 for

relief from the $350 filing fee, the Court shall direct Plaintiff to pay the fee to the Clerk of the Court.

In conclusion:

1. Plaintiff's Complaint filed on August 14, 2008 shall serve as the operative Complaint in this case.

2. The United States Marshal shall serve a copy of the Complaint filed on August 14, 2008 and an accompanying Summons upon Defendant as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

3. Defendant shall respond to the Complaint within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

4. Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every *additional* pleading (other than the Complaint) or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the Defendant or Defendant's counsel and the date of service. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a Certificate of Service will be disregarded by the Court.

**IT IS SO ORDERED.**

DATED: August 15, 2008

Hon. Thomas J. Whelan
United States District Judge